**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOSEPH MUELLER : | Case No. 1:10-cv-712 |
| 7103 High Pointe Lane : | |
| Cincinnati, Ohio 45248 : | Judge |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **COMPLAINT AND JURY DEMAND** |
| : | **ENDORSED HEREON** |
| ZOLL MEDICAL CORPORATION : | |
| c/o CT CORPORATION : | |
| 155 Federal Street, Suite 700 : | |
| Boston, MA 02110 : | |
| : | |
| Defendant. : | |

**PARTIES**

1. Plaintiff Joseph Mueller is a resident and citizen of the State of Ohio.

2. Defendant ZOLL Medical Corporation is a foreign corporation doing business in the State of Ohio.

3. Defendant is an employer within the meaning of applicable federal and state law.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over Count I and Count III pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq., which create federal question jurisdiction under 28 U.S.C. § 1331.

5. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

6. This Court has supplemental jurisdiction over the state law claims in Count II and IV pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

7.     Venue is proper in the Southern District of Ohio, Western Division, under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this district and division.

8.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its work-sharing agreement with the Ohio Civil Rights Commission ("OCRC"). He filed that Charge on January 21, 2010, less than 180 days after being terminated on September 30, 2009.

9.     The EEOC did not rule that his Charge was untimely.

10.    On July 19, 2010, Plaintiff received Notice of Right to Sue from the EEOC.

11.    Plaintiff filed this Complaint on October 14, 2010, within 90 days of receiving his EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a male and was born in 1960.

13.    Defendant hired Plaintiff on April 9, 2007 as a Territory Manager within Defendant's EMS sales organization and he was responsible for generating sales in his territory, which consisted of the southern half of Ohio.

14.    Plaintiff was based in Cincinnati and was qualified for his position.

15.    In October 2008, Defendant assigned the northern Ohio territory to Plaintiff in addition to the southern Ohio territory.

16.    As a Territory Manager, Plaintiff led the southern Ohio territory to achieving quota for the first time in the history of the Company, and he was runner-up for "Rookie of the Year" honors.

17.    Plaintiff consistently received positive feedback from his manager, Barbara Keiter, and from customers.

18. Plaintiff estimates that his sales efforts in 2009 will bring in at least three to four million dollars in business to Defendant through March 2011.

19. Plaintiff expected to earn between $125,000 and $175,000 in commissions during that same time period.

20. In August 2009 Defendant hired Brandi Van Bourgendian, age 37, as a Territory Manager for the Western Pennsylvania and northeastern Ohio territory.

21. Upon information and belief, Ms. Van Bourgendian worked in Dublin, Ohio, which was in Plaintiff's territory.

22. Upon information and belief, Ms. Van Bourgendian had significantly less medical product sales experience than Plaintiff.

23. Shortly thereafter, Defendant terminated Plaintiff's employment on September 30, 2009.

24. Defendant alleges that Ms. Keiter repeatedly requested that Plaintiff travel to and call on customers in areas north of his original Southern Ohio territory.

25. Ms. Keiter never complained to Plaintiff that he was not traveling to the Northern Ohio territory enough.

26. Ms. Keiter never criticized Plaintiff's sales performance.

27. Defendant alleges that it eliminated Plaintiff's position in a territory realignment, and that Plaintiff was selected due to allegedly poor sales performance.

28. During the alleged territory realignment, Defendant terminated a total of four Territory Managers. Their ages ranged from 45 to 49. However, Defendant transferred a Territory Manager, age 34, in the realignment. Finally, one Territory Manager, age 30 voluntarily resigned his employment during the territory realignment.

29. Following Plaintiff's termination, Defendant allegedly assigned his territory to Ms. Van Borgendian, age 37 and Dione Amirkahn, age 39.

30. In 2008, Plaintiff achieved quota for sales in his territory. Ms. Amirkahn did not achieve quota during the same time period.

31. Plaintiff's total sales dollars and percent of quota ranked significantly higher than Ms. Amirkahn through three quarters of 2009.

32. Upon information and belief, Plaintiff's year-to-date sales dollars through the end of the fourth quarter of 2009, which ended in September, were $100,000 greater than Ms. Amirkahn.

## COUNT I

### (Age Discrimination - ADEA)

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff was over the age of 40 at the time of his termination.

35. Plaintiff's education, experience and performance objectively qualified him for his position at all relevant times.

36. Plaintiff's termination permitted the hiring and/or retention of younger employees.

37. Defendant's conduct in treating Plaintiff differently from similarly situated younger employees, and in terminating Plaintiff, on account of Plaintiff's age, violates the Age Discrimination in Employment Act.

38. Defendant's conduct was willful.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and damage.

## COUNT II

### (Age Discrimination - R.C. Chapter 4112)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff was over the age of 40 at the time of his termination.

42. Plaintiff's education, experience and performance objectively qualified him for his position at all relevant times.

43. Plaintiff's termination permitted the hiring and/or retention of younger employees.

44. Defendant's conduct in treating Plaintiff differently from similarly situated younger employees, and in terminating Plaintiff, on account of Plaintiff's age, violates Ohio Revised Code Chapter 4112.

45. Defendant's conduct was malicious and in conscious disregard for Plaintiff's rights.

46. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages and is entitled to relief under R.C. Chapter 4112.

## COUNT III

### (Gender Discrimination - Title VII)

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff is a male.

49. Plaintiff's education, experience and performance objectively qualified him for his position at all relevant times.

50. Defendant's conduct in treating Plaintiff differently from similarly situated female employees, and in terminating Plaintiff, on account of Plaintiff's gender, violates 42 U.S.C. §2000, et seq.

51. Defendant's actions were intentional and/or in reckless disregard of Plaintiff's rights.

52. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to relief under 42 U.S.C. §2000, et seq.

## COUNT IV

### (Gender Discrimination - R.C. Chapter 4112)

53. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff is a male.

55. Plaintiff's education, experience and performance objectively qualified him for his position at all relevant times.

56. Defendant's conduct in treating Plaintiff differently from similarly situated female employees, and in terminating Plaintiff, on account of Plaintiff's gender, violates Ohio Revised Code Chapter 4112.

57. Defendant's conduct was malicious and in conscious disregard for Plaintiff's rights.

58. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages and is entitled to relief under R.C. Chapter 4112.

**WHEREFORE**, Plaintiff Joseph Mueller demands judgment against Defendant ZOLL Medical Corporation as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded front pay;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded liquidated damages;

(h) That Plaintiff be awarded pre-judgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(j) That Plaintiff be awarded reasonable attorneys' fees; and

(k) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Katherine D. Daughtrey
Randolph H. Freking (0009158)
Katherine D. Daughtrey (0082245)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*randy@frekingandbetz.com*
*kdaughtrey@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Katherine D. Daughtrey